**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-27081-ALTMAN**

**JOSEMAR ANTONIO CONSUEGRA REYES**,

*Petitioner*,

*v.*

**WARDEN, KROME NORTH**
**SERVICE PROCESSING CENTER**, *et al.*,

*Respondents.*
_______________________________________/

# ORDER

Our Petitioner, Josemar Antonio Consuegra Reyes, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1]. Reyes, who was confined at the Krome North Service Processing Center in Miami when he filed the Petition, challenges the lawfulness of his detention in the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See generally* Pet. But the Respondents now move to dismiss the Petition because "an Immigration Judge conducted a bond hearing and [the] Petitioner was released." Motion to Dismiss ("MTD") [ECF No. 6] at 1; *see also* Immigration Judge Order [ECF No. 6-1] at 1 (stating that Reyes's "request for a change in custody is . . . Granted" and ordering Reyes "released from custody under bond of $8,500"); Detention History [ECF No. 6-2] (showing that Reyes was "released – bonded out – IJ" on "11/6/2026"). Reyes has not responded to the MTD. *See generally* Dkt.

A case becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993). And, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the [petitioner] . . . meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (cleaned up). Here, Reyes was "[r]eleased" from

immigration detention. Detention History at 1 (cleaned up). The issue, then, is "whether [the] petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy[.]" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (cleaned up). Because Reyes's only request for relief was that we order "a lawful individualized custody hearing"—and since he's received that hearing and is no longer in ICE custody—there's no live controversy for us to review. Pet. at 8; *see, e.g.*, *France v. Ripa*, 2025 WL 973532, at *3 (S.D. Fla. Apr. 1, 2025) (Altman, J.) (dismissing the petition as moot where the petitioner "claimed that his mandatory detention without a bond hearing violated due process, but now (to state the obvious) he[ ] [was] no longer in ICE's custody and thus no longer need[ed] a bond hearing").

We therefore **ORDER AND ADJUDGE** that Reyes's Petition [ECF No. 1] is **DISMISSED** ***without prejudice*** **as moot**. All pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in the Southern District of Florida on November 13, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record